UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM J. BAILEY,

             Plaintiff,                     Case No. 1:20-cv-492

v.                                       Honorable Janet T. Neff

PEOPLE OF THE STATE OF MICHIGAN
et al.,

             Defendants.
_____/

## OPINION

This is a civil rights action brought by a state pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will abstain from deciding Plaintiff's complaint at this juncture and stay the case pending the outcome of his pending criminal proceedings.

## Discussion

**I.      Factual allegations**

Plaintiff presently is incarcerated at the Berrien County Jail, awaiting trial on a charge of breaking and entering that occurred on December 8, 2019. Plaintiff sues the People of

the State of Michigan and the following law enforcement officials employed by the St. Joseph Department of Public Safety and the Berrien County Sheriff Department: Officers Unknown Jean and Shnaildai; and Detectives Northrup and Herbert.

Plaintiff's complaint consists of a one-paragraph statement of claim. He alleges that Defendants violated his Fifth and Sixth Amendment rights by wrongfully arresting and charging him and by interrogating him without counsel and recording that interrogation. Plaintiff also alleges state tort violations of wrongful arrest and/or prosecution, defamation, intentional infliction of emotional distress, and discrimination.

Plaintiff seeks monetary damages.

## II.    *Younger* Abstention

According to the complaint, Plaintiff's lawsuit challenges the validity of his arrest and prosecution and the taking of an uncounseled statement, all of which relate to a pending criminal case. Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted

in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the search warrant relates to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to the validity of the arrest and interrogation. He can file a motion to suppress evidence obtained through the interrogation. Michigan courts routinely consider such motions. *See People v. Franklin*, 894 N.W.2d 561, 574 (Mich. 2017) (affirming trial court's decision to hold an evidentiary hearing to evaluate the validity of a search warrant affidavit, the result of which led to the suppression of evidence and the dismissal of charges against the defendant). Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege bad faith, harassment, a flagrantly unconstitutional statute, or an extraordinarily pressing need for federal relief. Thus, the *Younger* abstention doctrine applies here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review Defendant's actions in connection with the search warrant.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Plaintiff seeks only damages. He does not seek equitable or declaratory relief. Consequently, "*Quackenbush* prevents the [Court] from even exercising its discretion and deciding to dismiss the case." *Id.* Accordingly, the Court will stay Plaintiff's claims against Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court will abstain from consideration of Plaintiff's claims at this juncture and will stay the proceedings, pending the outcome of the state-court criminal proceedings against Plaintiff.

An order consistent with this opinion will be entered.

Dated: July 30, 2020				/s/ Janet T. Neff
						Janet T. Neff
						United States District Judge